Hornblower, C. J.
I cannot conceive that a mere party litigant is entitled to come into Court and question a judgment regularly entered. The applicant has issued an attachment, the object of which is to compel the defendant’s appearance. The effect of the levy is the additional security, in case of recovery, but there must be property legally attached. In this case it had been levied on under an execution.
*269 The applicant has failed to lay before the Court such prima fade evidence of fraud as would Justify any interference of *nc Court. Such facts should be disclosed, on which if true, ¡.Le Court may open the judgment.
Fold, J. If it appear Jiat a judgment is fraudulent, I am inclined to think a plaintiff in attachment may have a right to investigate it. But it must appear by facts sufficient to raise a belief in the Court, of the unfairness of the judgment. The affidavit in this case is defective.
Ryerson, J. The applicant’s affidavit is only as to his belief. There is no fact or ground stated on which we can be authorised to interfere with the judgment.
I have doubts of the right of an attaching creditor to make such an application.

Rule refused.